IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

XEROX CORPORATION, a New York
corporation,

                Plaintiff,

   v.

RED COLOR, S.A. de C.V., a Mexican
corporation,

                Defendants.

CV-04-1251-ST

FINDINGS AND
RECOMMENDATION

STEWART, Magistrate Judge:

## INTRODUCTION

Plaintiff, Xerox Corporation ("Xerox"), filed this action on September 3, 2004, against defendant, Red Color, S.A. de C.V ("Red Color"), for failure to pay for products that Xerox delivered to Red Color. Xerox obtained a default Judgment against Red Color in the sum of $1,003,719.02, consisting of the principal debt in the amount of $879,140.93 and prejudgment interest through November 15, 2005, in the amount of $124,578.09, plus post-judgment interest.

Xerox has now filed a Motion for Attorneys' Fees and Other Litigation Costs (docket #28), seeking an award of attorneys' fees in the sum of $46,418.00 and other costs in the sum of $16,488.38.

Being in default, Red Color has filed no objection to Xerox's motion for attorney fees. However, "the district court [is] required to independently review plaintiffs' fee request even absent defense objection." *Gates v. Deukmejian*, 987 F2d 1392, 1401 (9th Cir 1993); *Sealy, Inc. v. Easy Living, Inc.*, 743 F2d 1378, 1385, n 3 (9th Cir 1984). The court must determine if plaintiff's fee request is reasonable and "does not abuse its discretion simply by reducing the amount of an unsupported fee award." *N.A.A.C.P. v. City of Evergreen, Ala.*, 812 F2d 1332, 1334 (11th Cir 1987). Uncontradicted evidence may be rejected if there is a reason for doing so. *Id*.

## I. Entitlement to Attorney Fees

Two contracts contain broad language that entitles Xerox to recover its attorneys' fees and other litigation costs.

The first contract is the International Distributor Agreement under which Xerox sold products to Red Color. Affidavit of Robert Byers in Support of Plaintiff's Motion for Attorneys' Fees and Other Litigation Costs, ¶¶ 2-4. Paragraph 9 (captioned "INVOICES AND PAYMENTS"), provides in relevant part that: "Xerox shall submit an invoice to Distributor [Red Color] for each shipment . . . Payment terms are net sixty (60) days from the date of the invoice. . . Distributor agrees to pay any third-party collection expenses, including attorneys' fees that may become necessary to effect collection of any unpaid accounts." *Id*, ¶¶ 5 & 6 and Exhibit 1, p. 2. Xerox seeks to enforce this term.

In addition to paragraph 9, paragraph 31 (entitled "ATTORNEYS' FEES") provides that: "If litigation is commenced by either party to enforce any provision of any contract including these terms and conditions, the prevailing party shall be entitled to recover reasonable costs and attorneys' fees, both at trial and on appeal." *Id*, Exhibit 1, p. 6. This agreement also makes Oregon law controlling. *Id.*

The second contract is contained in each unpaid invoice sent by Xerox to Red Color with each shipment of products. *Id*, ¶¶ 7-11 and Exhibit 2. The back side of each invoice has terms and conditions, three of which mirror the International Distributor Agreement. Paragraph 10 on the back of each invoice (entitled "Invoices and Payments") provides: "Upon each shipment, Seller will issue an invoice to the address specified in Customer's order. . . . Customer agrees to pay any third-party collection expenses, including attorney's fees, incurred by Seller to collect any unpaid amounts." *Id*, Exhibit 2, p. 2. Xerox seeks to enforce this term.

Paragraph 19 on the back side of each unpaid invoice (entitled "ATTORNEYS' FEES"), provides: "If litigation is commenced by either party to enforce any contract including these terms and conditions, the prevailing party shall be entitled to recover its reasonable costs and attorneys' fees, both at trial and on appeal." *Id,* Exhibit2, p. 2. In addition, paragraph 18 provides that Oregon law shall control. *Id*.

Under Oregon law, a contract provision allowing the prevailing party to recover its attorneys' fees is enforceable. Therefore, Xerox is entitled to recover its attorney fees from Red Color in this action.

///

///

3 - FINDINGS AND RECOMMENDATION

## II. Amount of Attorney Fees

The calculation of attorney fee awards begins with the lodestar figure, "'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Miller v. Los Angeles County Bd. of Educ.*, 827 F2d 617, 621 (9th Cir 1987), quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 US 546, 564 (1986). There is a strong presumption that the lodestar amount is reasonable. *Jordan v. Multnomah County*, 815 F2d 1258, 1262 (9th Cir 1987). The court may adjust the lodestar amount based on the factors enunciated in *Kerr v. Screen Extras Guild, Inc.*, 526 F2d 67, 70 (9th Cir 1975), *cert denied*, 425 US 951 (1976). *D'Emanuele v. Montgomery Ward & Co. Inc.*, 904 F2d 1379, 1383 (9th Cir 1990). The *Kerr* factors are: (1) time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee was fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the clients; and (12) awards in similar cases. *Kerr*, 526 F2d at 70.

The fees and costs sought by Xerox are all contained on monthly invoices from two law firms: Preston Gates Ellis LLP in Portland, Oregon, and Arochi, Marroquin & Lindner, S.C. in Mexico City, Mexico. Affidavit of Manohar H. Wadhwa ("Wadhwa Aff."), Exhibits 2 and 3. Xerox has already paid or will pay all of these invoices. *Id*, ¶ 3.

The fees in this case are extraordinarily high for merely obtaining a default judgment. However, serving Red Color was a difficult, time-consuming process. Because Red Color is a

Mexican corporation with no physical presence in the United States, Xerox had to engage Mexican counsel to assist in service. In addition, Red Color abruptly abandoned its premises in Mexico, apparently in order to avoid service, as evidenced by the fact that it left no information regarding its new location.

The steps involved in service included: (1) having the Complaint and exhibits translated from English into Spanish, as required by Mexican law; (2) repeated visits to the Ministry of Foreign Affairs, which reviewed the papers for compliance with Mexican law and which supervised the service of process; (3) obtaining a letter rogatory; (4) filing the letter rogatory with the Seventh District Court in Monterrey, Neuvo Leon, which was the local court that issued the papers for service; (5) a trip from Mexico City to Monterrey to serve Red Color; (6) subsequent efforts and investigation to ascertain the whereabouts of Red Color after it had abandoned its premises without leaving any information regarding its new location; (7) a second trip from Mexico City to Monterrey to serve an individual officer authorized under Mexican law to be an agent for service of Red Color; (8) multiple trips to and meetings in Monterrey with the Presidency of the Superior Justice Tribunal of the state of Neuvo Leon, which was the local authority in charge of service; (9) many follow-up meetings with the Ministry of Foreign Affairs. Wadhwa Aff., ¶ 7. The papers documenting service are themselves voluminous, many of which required translation from Spanish to English or vice versa (dockets #15, #19 & #20).

In addition, fees were incurred to obtain the default judgment and to prepare the motion for fees and costs. This court has reviewed the monthly invoices which adequately describe the services rendered by date, type of service, and hours. With respect to the number of hours, the itemization of the services contains no obvious duplication of services or excessive number of

5 - FINDINGS AND RECOMMENDATION

conferences. Although the total number of hours are unusually high for a case in which the defendants mounted no substantial defense, it is obvious that service on a defunct Mexican corporation was very difficult to obtain and that cost was no object to Xerox.

What is missing from the record is any substantiation as to the hourly rates for each timekeeper. Those rates range from $260-280 for P. S. Van der Weele, $212 for R. G. Price, $160 for M. J. Lysne, $128 for B.C. Merserau, and $85 for D. M. Johnson (presumably a paralegal) in Portland, Oregon, and from $80-220 for the Mexican lawyers and $95 for the Mexican investigator. Based on their years in practice as extrapolated from Oregon Bar numbers, it appears that the hourly rates for the Oregon lawyers are on the high end for hourly rates based on the Oregon State Bar 2002 Economic Survey, but are not outside the range of reasonableness. Although this court has no information concerning the Mexican lawyers, their rates are about the same as the Oregon lawyers and, therefore, appear to be within the range of reasonable and customary rates charged by comparable litigation attorneys in the Portland, Oregon, area.

Therefore, this court recommends that Xerox's request for attorney fees be granted in full.

### III. Other Costs

Xerox also seeks its litigation costs. The following table shows the amounts for various types of disbursements, rounded to whole dollars, from the "Totals – Both Firms:"

| | **DISBURSEMENTS** | | | | | |
|---|---|---|---|---|---|---|
| | **Photocopying** | **Communi-cations** | **Travel** | **Investigation** | **Translation** | **Other** |
| **Amount** | $807.00 | $1,533.00 | $2,867 | $1,878 | $8,929 | $475 |

Wadhwa Aff., Exhibit 1.

Xerox has submitted the requisite affidavit that all of these costs were necessary to effectuate service on Red Color and obtain a judgment in this case. *Id*, ¶ 8. In addition, the Preston Gates' invoice for December 2005 includes the fees associated with the preparation of the motion for attorney fees.

Because of the breadth of the contract provisions, Xerox is entitled to recover all of these disbursements on the invoices under the contract provisions that allow for the recovery of "reasonable costs" and "any third-party collection expenses,"even though many are not taxable costs under 28 USC § 1920.

## RECOMMENDATION

For the reasons set forth above, Plaintiff's Motion for Attorneys' Fees and Other Litigation Costs (docket #28) should be GRANTED in the sum of $46,418.00 for attorney fees and $16,488.38 for costs.

## SCHEDULING ORDER

Objections to these Findings and Recommendations, if any, are due January 17, 2006. If no objections are filed, then the Findings and Recommendations will be referred to a district court judge and go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district court judge and go under advisement.

DATED this 22nd day of December, 2005.

/s Janice M. Stewart
Janice M. Stewart

7 - FINDINGS AND RECOMMENDATION

United States Magistrate Judge